IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| E.J.C., | : | |
|     Plaintiff, | : | |
| VS. | : | 7:20-CV-111 (TQL) |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**ORDER**

Plaintiff filed this Social Security appeal on June 9, 2020, challenging the Commissioner's final decision denying his disability application, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 6; Clerk's entry on June 26, 2020). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec.*

*Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "In contrast, the [Commissioner's] conclusions of law are not presumed valid . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520, 416.920. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for Supplemental Security Income Benefits on February 23, 2017. (Tr. 217). Plaintiff alleged an initial onset date of February 1, 2013. (Tr. 210). The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. (Tr. 141, 149). Plaintiff timely requested a hearing and appeared before an administrative law judge (ALJ) on March 6, 2019. (Tr. 153, 46).

In a hearing decision dated July 2, 2019, the ALJ determined Plaintiff was not disabled. (Tr. 29-41). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council denying review. (Tr. 1-4).

***Statement of Facts and Evidence***

Plaintiff was born on January 10, 1973 and was forty-six years old at the time of his hearing before the ALJ. (Tr. 65). Plaintiff has past relevant work experience with car body work. (Tr. 72).

The ALJ determined that Plaintiff suffers from the following severe impairments: stimulant use disorder, alcohol dependence, cocaine dependence, opioid dependence, generalized anxiety disorder, and asthma. (Tr. 34). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 34-36). According to the ALJ,

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] should avoid concentrated exposure to fumes, odors, dust, and gases. [Plaintiff] is limited to simple tasks; and he is able to concentrate and persist for 2-hour segments. [Plaintiff] can occasionally adapt to changes in the work setting; and he can occasionally interact with the public and co-workers. In addition, [Plaintiff] is unable to meet fast-paced, high-production demands.

(Tr. 36). Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, at any time between February 23, 2017 and the date of the decision. (Tr. 40).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to reconcile the medical opinions of Dr. Denise Glanville, Dr. Jennifer Meyer, and Dr. Smith[1] with the assessed RFC. (Doc. 20, at 9-13).

---

[1] Plaintiff's brief refers to a Dr. Smith allegedly diagnosing Plaintiff. (Doc. 20, at 12). However, a review of the record cited by Plaintiff's brief reveals that Dr. Sarah Cook was the alleged diagnosing doctor. For congruity with Plaintiff's brief, the Court will refer to Dr. Cook as Dr. Smith.

***Dr. Glanville's and Dr. Meyer's Opinions***

"There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). The court "will reverse only if the ALJ 'fails to state with at least some measure of clarity the grounds for his decision.'" *Brito*, 687 F. App'x at 804 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).

Dr. Glanville was a non-treating, non-examining State Agency psychological consultant who opined that Plaintiff retained the capacity for simple, routine, repetitive tasks in a low-stress, somewhat isolated work setting. (Tr. 111). When assessing Plaintiff's Mental Residual Functional Capacity, Dr. Glanville opined that Plaintiff was "moderately limited" in his ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 113). Dr. Glanville further opined that Plaintiff could interact with others where brief superficial contact was required, that Plaintiff could understand and remember simple instructions and procedures but may have some difficulty with detailed instructions, that Plaintiff could attend for a two-hour period and adhere to a work schedule, and that Plaintiff could adapt to infrequent and slow-paced changes and make plans. (Tr. 114).

Dr. Meyer was a non-treating, non-examining State Agency psychological consultant who, when assessing Plaintiff's Mental Residual Functional Capacity, opined that Plaintiff was "moderately limited" in his ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 129-30). Dr. Meyer further opined that there was no objective evidence of a severe underlying mood or thought disorder, that Plaintiff's claims of symptoms were often

exaggerated, and that Plaintiff appeared mentally capable of completing most work tasks in settings with minimal social demands. (Tr. 130).

The ALJ gave Dr. Glanville's opinions "great weight" and gave Dr. Meyer's opinions "some weight." (Tr. 39). The ALJ found that Dr. Glanville's opinion that Plaintiff had no more than moderate limitations in the B Criteria of the Listings was consistent with the medical evidence. (Tr. 39). The ALJ also found that Plaintiff's extensive history of substance abuse and anxiety supported additional limitations beyond that which Dr. Meyer recommended. (Tr. 39).

Plaintiff asserts that the ALJ improperly failed to reconcile the opinions of Dr. Glanville and Dr. Meyer with the assessed RFC because the ALJ limited Plaintiff to occasional interactions with the public and co-workers but did not limit Plaintiff's interactions as to supervisors. (Doc. 20, at 10-11).

However, the ALJ did not fail to reconcile the opinions of Dr. Glanville and Dr. Meyer with the assessed RFC. The ALJ gave their opinions great weight and some weight, respectively, but came to a different conclusion regarding limitations. (Tr. 39). The determination of RFC is not a medical opinion, but an opinion on an issue reserved to the Commissioner and is not afforded any special significance. 20 C.F.R. § 404.1527(d)(2). "The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion." *Wilson v. Astrue*, No. 4:08-CV-170-CDL, 2009 WL 1606524, at *3 (M.D.Ga. June 8, 2009) (citing *Edwards v. Sullivan*, 937 F.2d 580, 583-54 (11th Cir. 1991); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984)).

The opinions of Dr. Glanville and Dr. Meyer that Plaintiff was moderately limited in his interactions with supervisors is an opinion on a matter reserved to the Commissioner. The ALJ properly considered their opinions, but the ALJ was not required to afford their opinions any special significance. 20 C.F.R. § 404.1527(d)(3). As such, the ALJ did not fail to reconcile the

opinions of Dr. Glanville and Dr. Meyer regarding Plaintiff's limitations as to interactions with supervisors, but instead, decided an issue reserved to the Commissioner.

Even if the ALJ were found to have failed to reconcile the opinions of Dr. Glanville and Dr. Meyer regarding Plaintiff's limitations as to interactions with supervisors, any failure to explain the reconciliation would be harmless error. The failure to explain particular weight given to a medical opinion is harmless when it could not have affected the result. *See Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975, 975-76 (11th Cir. 2014) (per curiam) (finding no reversible error when the ALJ failed to explicitly assign weight to physicians' opinions because the ALJ expressly considered the evidence the physicians relied upon, the evidence on record showed claimant was not disabled, and the opinions were on a matter reserved to the Commissioner).

Here, any failure to reconcile the opinions of Dr. Glanville and Dr. Meyer regarding Plaintiff's limitations as to interactions with supervisors with the assessed RFC could not have affected the result. The ALJ showed that he expressly considered evidence Dr. Glanville and Dr. Meyer relied upon by citing to evidence Dr. Glanville and Dr. Meyer relied upon when doing their reviews, and the ALJ expressly cited additional evidence in the record. (Tr. 37-38). Further, Dr. Glanville's and Dr. Meyer's opinions concerned a matter reserved to the Commissioner: Plaintiff's RFC. (Tr. 112-114; 129-30); 20 C.F.R. § 404.1527(d)(2) (noting a claimant's residual functional capacity is a decision reserved to the Commissioner). As a result, assuming the ALJ failed to reconcile the opinions of Dr. Glanville and Dr. Meyer, any error in not reconciling the opinions of Dr. Glanville and Dr. Meyer regarding Plaintiff's limitations as to interactions with supervisors with the assessed RFC is harmless.

*Dr. Smith's Opinion*

Dr. Smith was an emergency room physician who diagnosed Plaintiff with Cluster B personality disorder after a single emergency room examination of Plaintiff and a review of Plaintiff's medical records then on file with the hospital. (Tr. 1150).

Plaintiff points to Dr. Smith's diagnosis as evidence that Plaintiff was more limited in his RFC than that assessed by the ALJ. The Court notes that Plaintiff does not submit Dr. Smith's diagnosis as a medical expert opinion which must be assigned an explicit weight and discussed. Rather, Plaintiff points to Dr. Smith's diagnosis as evidence in favor of a more limited RFC than the assessed RFC.

However, Dr. Smith only examined Plaintiff in the context of an emergency room visit for Plaintiff's suicidal threats. (Tr. 1149-50). Dr. Smith, therefore, did not have an ongoing treatment relationship with Plaintiff. Further, while Dr. Smith diagnosed Plaintiff with Cluster B personality disorder, a "diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection is insufficient; instead, the [Plaintiff] must show the effect of the impairment on [his] ability to work.'" *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (per curiam) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Finally, the ALJ expressly considered Dr. Smith's diagnosis (Tr. 38) and came to a different conclusion as to Plaintiff's RFC, which was a matter reserved to the Commissioner. *See Wilson*, 2009 WL 1606524, at *3; *Tillman*, 559 F. App'x at 975-76.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g). Plaintiff's Motion for Judgment on the Pleadings (Doc. 20) is **denied** for the reasons stated herein.

**SO ORDERED**, this 1st day of September, 2021.

*s/ THOMAS Q. LANGSTAFF*
 UNITED STATES MAGISTRATE JUDGE